**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CANDY CLUB, LLC, *et al.*,[1] | ) | Case No. 23-60048 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION TO RETAIN JACKSON WALKER LLP
AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") file this application (this "Application")[2] for entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtors to retain and employ Jackson Walker LLP ("JW" or the "Firm") as their counsel and state as follows:

---

[1]  The Debtors in this chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number are: Candy Club, LLC (8533), Candy Club Holding, Inc. (5377), Candy Club Acquisition, LLC (9010), and Candy Club Investment, LLC (None). The Debtors' service address is 10736 Jefferson Blvd. #325, Culver City, CA 90230.

[2]  On July 27, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases"). Capitalized terms used but not otherwise defined in this Application have the meanings ascribed to them in the *Declaration of Keith Cohn in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 11] or in the Engagement Letter (as defined herein), as applicable.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

## RELIEF REQUESTED

4.      The Debtors desire to employ JW, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, (713) 752-4200 (telephone), (713) 752-4221 (facsimile), to serve as their counsel in these Chapter 11 Cases, in accordance with the conditions set forth in that certain Engagement Letter between the Debtors and the Firm, as of July 27, 2023 (the "<u>Engagement Letter</u>"), a copy of which is attached hereto as **<u>Exhibit A</u>** and incorporated herein by reference.

5.      In support of the Application, the Debtors submit the Declaration of Veronica A. Polnick (the "<u>Polnick Declaration</u>"), a partner of the Firm, which is attached hereto as **<u>Exhibit B</u>**.

A.      <u>Necessity for Retention of  Counsel and Scope of Services</u>

6.      The Debtors have determined that the retention of counsel is necessary to the successful administration of these Chapter 11 Cases given their size and complexity, and that the Firm's employment would be in the best interest of their estates.  The Firm's complex chapter 11 experience, as well as its extensive practice before this Court and its knowledge of the Bankruptcy Local Rules and practices, make it substantively and geographically ideal to efficiently serve the

needs of the Debtors.  The Firm regularly represents chapter 11 debtors in the Southern District of Texas and throughout Texas, and thus is well qualified by its experience to serve as counsel to the Debtors in these proceedings.  By separate application, the Debtors have also asked that the Court approve the retention of the Law Office of Liz Freeman ("Freeman Law") as co-counsel and conflicts counsel to the Debtors.  The Firm has discussed the division of responsibilities with Freeman Law and will avoid duplication of efforts.

      7.    Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of JW to render the following legal services:

- advise the Debtors with respect to its powers and duties as debtors in possession in the continued management and operation of its business and property;

- advise and consult on the conduct of these chapter 11 cases, including all of the legal and administrative requirement of operating in chapter 11;

- attend meetings and negotiating with representatives of creditors and other parties in interest;

- take all necessary actions to protect and preserve the Debtors' estate, including prosecuting actions on the Debtors' behalf, defending actions commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estate;

- prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estate;

- represent the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

- advise the Debtors in connection with any potential sale of assets;

- appear before the Court and any appellate courts to represent the interest of the Debtors' estate;

- advise the Debtors regarding tax matters;

- take any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

- perform all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing certain of the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of certain liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

**B.      The Firm's Qualifications**

8.      The Debtors seek to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganization as well as its experience practicing in Texas and in this District.

9.      The Firm has been actively involved in many major chapter 11 cases and has represented many debtors in districts throughout Texas, including recently in the Southern District of Texas, for example:  *In re Nautical Solutions, L.L.C.*, Case No. 23-90002 (CML) (Bankr. S.D. Tex. Jan. 9, 2023); *In re Pipeline Health System, LLC*, Case No. 22-90291 (MI) (Bankr. S.D. Tex. Oct. 2, 2022); *In re Cineworld Group PLC*, Case No. 22-90168 (MI) (Bankr. S.D. Tex. Sept. 7, 2022); *In re Altera Infrastructure L.P.*, Case No. 22-90130 (MI) (Bankr. S.D. Tex. Aug. 12, 2022); and *In re LaForta Gestão e Investimentos, Sociedade Unipessoal, Lda*, Case No. 22-90126 (DRJ) (Bankr. S.D. Tex. June 16, 2022).

10.      In preparing for its representation of the Debtors in these Chapter 11 Cases, JW has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these Chapter 11 Cases.  The Debtors believe that JW is both well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

C.    **Compensation**

11.    The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A**.   The Firm's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and legal assistants, and are adjusted on October 1 of each year.   Work is assigned among attorneys and other professionals, including legal assistants, so as to meet the Debtors' needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $688 per hour or less.[3]   The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement. The Firm's hourly rates applicable to restructuring attorneys who will be responsible for the work that the Firm will perform are as follows:

| **Billing Category** | **Rate Range** |
|---|---|
| Partners | $800 to $1,075 |
| Associates | $535 to $750 |
| Paraprofessionals | $230 to $250 |

12.    These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

13.    Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as travel expenses, messenger charges, filing and recording fees, and other costs.   The Firm intends to bill such expenses at the Firm's cost.   Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges. To the extent there may be large third-party disbursements, such as expert fees and expenses,

---

[3]    This blended rate accounts for the adjusted rate as of October 1, 2022.

mediation and arbitration fees, deposition costs, and substantial travel expenses, the Firm may ask that the Debtors be responsible for paying them directly, rather than through the Firm.

14.     The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates.  The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other orders of the Court.  The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter.

15.     In connection with the Engagement Letter, the Debtors paid a retainer to the Firm in the aggregate amount of $165,000 for services performed and to be performed in connection with, and in contemplation of, the filing of these Chapter 11 Cases.  Prior to the filing of these cases, the Firm applied its retainer in the aggregate amount of $137,497.32[4], which was the total amount due to the Firm for all prepetition services and reimbursement of filing fee expenses.

**D.      The Firm is Disinterested**

16.     To the best of the Debtors' knowledge, the JW attorneys have no interest adverse to the Debtors, or to the Debtors' bankruptcy estates, and are disinterested.  The Firm has no connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any other person employed in the office of the United States Trustee, except as disclosed in the Polnick Declaration.  The Polnick Declaration demonstrates that although the Firm represents and has represented several of the Debtors' creditors or affiliates of the Debtors' creditors:  (i) those matters are not substantially related to

---

[4] The amount is inclusive of filing fees in the amout of $6,952.00.

these Chapter 11 Cases; (ii) the representations are concluded; (iii) the representation is of an affiliate; or (iv) the representations and the claims of those creditors are immaterial and *de minimis*.

17.     Additionally, the Firm currently represents entities or affiliates of such entities that may have direct or indirect claims against or interests in one or more of the Debtors on matters unrelated to the Debtors or these cases.  For the avoidance of doubt, as specified in the Polnick Declaration, the Firm will not commence a cause of action in these Chapter 11 Cases against entities listed on **Schedule 2** that are current clients of the Firm unless the Firm has an applicable waiver on file or first receives a waiver from such entity allowing the Firm to commence such an action.  To the extent that a waiver does not exist or is not obtained from such entity and it is necessary for the Debtors to commence an action against that entity, the Debtors will be represented in such particular matter by Freeman Law or other counsel, as appropriate.

**E.      Supporting Authority**

18.     The Debtors seek approval to retain the Firm pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

19.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014.

20.     For all the reasons stated herein, the retention and employment of the Firm is warranted.  Furthermore, as stated in the Polnick Declaration, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, and has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Polnick Declaration.  Accordingly, the Debtors request that the Court approve this Application.

### Notice

21.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition Lender; (d) counsel to the proposed DIP Lender; (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) Food and Drug Administration; (i) the Environmental Protection Agency; (j) other governmental agencies having a regulatory or statutory interest in these cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given..

The Debtors request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Houston, Texas
Dated:  August 28, 2023

/s/ *Veronica A. Polnick*
**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
Zachary McKay (TX Bar No. 24073600)
Emily Meraia (TX Bar No. 24129307)
Courtney L. Cameron (TX Bar No. 24126882)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:      (713) 752-4200
Facsimile:       (713) 752-4221
Email:            vpolnick@jw.com
                     zmckay@jw.com
                     emeraia@jw.com
                     ccameron@jw.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

## **Certificate of Service**

I certify that on August 28, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Veronica A. Polnick*
Veronica A. Polnick

## Exhibit A

**Engagement Letter**



Veronica A. Polnick
(713) 752-4416
vpolnick@jw.com

July 27, 2023

Keith Cohn, CEO
Candy Club, LLC
kcohn@candyclub.com

      Re:    Retention of Counsel

Dear Mr. Cohn:

**_GENERAL_**.  We are very pleased that you have asked us to represent Candy Club, LLC and Candy Club, Inc., (the "Client"), in connection with its restructuring.  Please note, the Firm's representation is only of the Client; the Firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of the Client or of any other entity.

This retention letter (this "Agreement") sets forth the terms of the Client's retention of Jackson Walker LLP to provide legal services and constitutes an agreement between the Firm and the Client (collectively, the "Parties," and each a "Party").  This Agreement sets forth the Parties' entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where the Parties otherwise agree in writing.

**_FEES_**.  Our fees are determined principally on the basis of our time at hourly rates. Our hourly rates vary with the experience and seniority of our attorneys and legal assistants, and are adjusted by us annually on October 1.  Naturally, we try to assign work among our attorneys and other professionals so as to meet the client's needs, including timing requirements, in an economically efficient manner.  I will be the principal lawyer involved in this matter.  My rate is currently $750 per hour.  Our individual hourly rates fall in the range set forth in the below table, which also shows the ranges applicable to the Firm's other lawyers and paraprofessionals.

| Billing Category | Fee Range (USD) |
|---|---|
| Partners | $800-1,075 |
| Associates | $535-750 |
| Paraprofessionals | $230-250 |

Although the Firm will estimate fees to assist the Client in its planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

Keith Cohn, CEO
July 27, 2023
Page 2

_____

**_EXPENSES INCLUDING CONTRACT COUNSEL_**.  Reasonable expenses related to our services will be included in our statements.  They may include third-party disbursements, such as travel expenses, messenger charges, and filing and recording fees, and other costs, such as certain overtime assistance and special postage.  It is our intent to bill such expenses to the client at our cost.  Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with our standard schedule of charges.  To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, at our option, we may ask that the client be responsible for paying them directly, rather than through us, provided that the client will only be responsible for such advance payment if it so agrees in advance in writing.  The client may request supporting documentation for any expense included on any statement and will not be required to reimburse such expense until reasonably satisfactory supporting documentation is provided.  The Firm from time to time engages outside contract counsel to serve as special contract counsel "Contract Counsel," now and as the need may arise.  At this time, the Firm plans to hire the Law Office of Liz Freeman as Contract Counsel.  Ms. Freeman's hourly rate is $750/hour.  Any fees and costs associated with such Contract Counsel will be included as pass-through expenses on Firm Invoices and Fee Statements.

**_STATEMENTS_**.  Our statements are rendered monthly and are due upon receipt (subject to bankruptcy court approval, if and as required).  If there is any question concerning a bill, we ask that it be raised within thirty (30) days.  In the event that our statements are not timely paid, we reserve the right to suspend our services until satisfactory payment arrangements are made, or if necessary, to terminate such services. Client acknowledges and agrees that all payments are made and received in the ordinary course of business.

**_PREPAYMENT AND SECURITY_**.  Considering the nature and scope of the matters for which the Client has engaged us, we are requesting a $140,000 retainer at this time. Client shall pay invoices on a monthly basis. The Firm will maintain the $140,000 in trust subject to a draw down immediately prior to the filing of a bankruptcy case. The retainer amount has been funded.

**_CLIENT_**.  In this engagement, our principal representation is of the Client.  Unless specifically agreed to by us in a letter like this one, we will not be representing other persons or entities, including any directors, shareholders, officers or related entities, or their subsidiaries, affiliates, or shareholders in connection with a restructuring proceeding.  The Client is free to terminate this engagement at any time, as are we.  If the engagement is terminated, the Client will remain responsible for the payment of fees and expenses incurred until termination in accordance with this agreement, and, if court approval is required, both of us will cooperate seeking it.

**_CONFLICTS_**.  Based on information provided to us, the Firm does not currently represent any entities or affiliates that may have direct or indirect claims against the Client:

Keith Cohn, CEO
July 27, 2023
Page 3

_____

       State of Texas (and all related entities)
       Exelon Entities
       ACE Insurance
       Chubb Insurance
       Bank of America
       Goldman Sachs
       Wells Fargo
       JPMorgan Chase Bank, NA
       US Bank
       BMO Harris Bank
       Regions Bank
       Google, Inc.

The Firm and you understand and agree that this is not an exclusive agreement, and you are free to retain any other counsel of your choosing. We recognize that we shall be disqualified from representing any other client with interest materially and directly adverse to yours (i) in any matter which is substantially related to our representation of you and (ii) with respect to any matter where there is a reasonable probability that confidential information you furnished to us could be used to your disadvantage. You understand and agree that, with those exceptions, we are free to represent other clients, including clients whose interests may conflict with yours in litigation, business transactions, or other legal matters. You agree that our representing you in this matter will not prevent or disqualify us from representing clients adverse to you in other matters and that you consent in advance to our undertaking such adverse representations.

**_CELL PHONE AND E-MAIL COMMUNICATION._**  The Firm hereby informs the Client and the Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cellular telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that the Client must inform the Firm if the Client does not wish the Firm to discuss privileged matters on cellular telephones with the Client or the Client's professionals or agents.

The Firm hereby informs the Client and the Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that the Client must inform the Firm if the Client wishes to institute a system to encode all e-mail between the Firm and the Client or the Client's professionals or agents.

**_RESTRUCTURING CASES_**.  If it becomes necessary for the Client to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code (a "Restructuring Case"), the

Keith Cohn, CEO
July 27, 2023
Page 4

---

Firm's ongoing employment by the Client will be subject to the approval of the bankruptcy court with jurisdiction over the petition. If necessary, the Firm will take steps necessary to prepare the disclosure materials required in connection with the Firm's retention as lead restructuring counsel. In the near term, the Firm will begin conflicts checks on potentially interested parties as provided by the Client.

If necessary, the Firm will prepare a preliminary draft of a schedule describing the Firm's relationships with certain interested parties (the "Disclosure Schedule"). The Firm will give the Client a draft of the Disclosure Schedule once it is available. Although the Firm believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in the Client's application to the court to retain the Firm.

If in the Firm's determination a conflict of interest arises in the Client's Restructuring Case requiring separate conflicts counsel, then Client will be required to use separate conflicts counsel in those matters.

***NO GUARANTEE OF SUCCESS.*** It is impossible to provide any promise or guarantee about the outcome of Client's matters. Nothing in this Agreement or any statement by Firm staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of the Client's matter are simply expressions of judgment and are not binding on the Firm.

***CONSENT TO USE OF INFORMATION.*** In connection with future materials that, for marketing purposes, describe facets of the Firm's law practice and recite examples of matters the Firm handles on behalf of clients, the Client agrees that, if those materials avoid disclosing the Client's confidences and secrets as defined by applicable ethical rules, they may identify the Client as a client, may contain factual synopses of the Client's matters, and may indicate generally the results achieved.

***CONTACT PERSON***. Unless you otherwise direct, Veronica Polnick will be your principal contact at this Firm. However, if at any time you wish to address concerns regarding this engagement with someone other than me, please feel free to contact Wade Cooper, our Managing Partner, or myself.

***GOVERNING LAW***. This engagement will be governed by Texas law. In addition, there may be times when we hold or transfer money on the Client's behalf. In those situations, our relationship will also be subject to a variety of Texas and U.S. government requirements, including reporting requirements.

***MISCELLANEOUS.*** This Agreement sets forth the Parties' entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each Party signing below is jointly and severally responsible for all

Keith Cohn, CEO
July 27, 2023
Page 5

_____

obligations due to the Firm and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each Party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable. Any agreement or waiver contained herein by the Client extends to any assignee or successor in interest to the Client, including without limitation the reorganized Client upon and after the effective date of a plan of reorganization in a Restructuring Case.

We will do our best to provide the Client with the legal services reasonably necessary to achieve a result satisfactory to the client. However, the outcome of any transaction or lawsuit is subject to uncertainties and risks, and we make no promises or guarantees concerning the outcome. Once again, we are very pleased to have the opportunity to represent the Client. Please confirm acceptance of the terms of our engagement by signing a copy of this letter in the space provided below, and return a copy to me along with the requested retainer. For your reference, I have included an invoice with wiring instructions for the $25,000 retainer.

If you have any questions concerning this letter or the engagement, please do not hesitate to call.

Sincerely,

Veronica A. Polnick

Agreed to and accepted this ___27th___ day of _____July_____, 2023.

CANDY CLUB, on behalf of certain of its affiliates as listed on Schedule 1.

By: _____
Name: ___Keith Cohn___
Title: ___CEO___

THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS. ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT. PLEASE CALL 1-800-932-1900 TOLL-FREE FOR MORE INFORMATION.

## **Exhibit B**

**Polnick Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| CANDY CLUB, LLC, *et al.*,[1] | ) ) Case No. 23-60048 (CML) |
| Debtors. | ) ) (Jointly Administered) ) |

**DECLARATION OF VERONICA A. POLNICK IN SUPPORT OF THE APPLICATION TO RETAIN JACKSON WALKER LLP AS COUNSEL FOR THE FOR THE DEBTORS AND DEBTORS-IN-POSSESSION[2]**

The undersigned proposed attorney for the above-captioned debtors and debtors-in-possession hereby submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1.  My name is Veronica A. Polnick. I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein. Each and every statement contained herein is true and correct.

2.  I am an attorney admitted to practice in the state of Texas and in this Court.

3.  I am a partner in the law firm of Jackson Walker LLP (the "Firm"). The Firm maintains offices for the practice of law in seven Texas cities including one at 1401 McKinney Street, Suite 1900, Houston, Texas 77010. The Firm's main telephone number is (713) 752-4200 and the Firm's main facsimile number is (713) 752-4221.

---

[1]  The Debtors in this chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number are: Candy Club, LLC (8533), Candy Club Holding, Inc. (5377), Candy Club Acquisition, LLC (9010), and Candy Club Investment, LLC (None). The Debtors' service address is 10736 Jefferson Blvd. #325, Culver City, CA 90230.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application or the Engagement Letter, as applicable.

4.      In conjunction with the Debtors' retention of the Firm, I directed a search of the Firm's conflicts system for each of the Debtors' creditors and insiders (the "Potential Parties in Interest") that are listed on **Schedule 1**.

5.      The Firm may represent other affiliates whose identities and affiliation did not show up on the conflicts system.  It is possible that there are creditors whom the Debtors did not identify in their records that are clients of the Firm.  The following summarizes the findings gleaned from my review of the information available on the Firm's conflicts system divided into current clients of the Firm that are also creditors of the Debtors, former clients, and affiliates of current clients of the Firm that are also creditors of the Debtors, and my and the Firm's connections with the Debtors and their current and former officers, directors, and professionals.

A.      **The Firm's Prior Relationship to the Debtors**

6.      The Firm and the Debtors entered into the Engagement Letter on July 27, 2023. In connection with the Engagement Letter, the Debtors provided a retainer to the Firm in the total amount of $165,000.  The Firm assisted the Debtors with the preparation necessary for the filing of their voluntary petitions and transitioning their operations into chapter 11.  Prior to the filing of these cases, the Firm applied its retainer in the aggregate amount of $137,497.32,[3] which was the total amount due to the Firm for all prepetition services and reimbursement of filing fee expenses.

B.      **Current Clients of the Firm that are Creditors of the Debtors**

7.      The Firm currently represents, or has represented, entities or affiliates of entities that may have direct or indirect claims or interests against one or more of the Debtors that are listed on the attached **Schedule 2**.  The Firm's ongoing representation of the **Schedule 2** entities do not

---

[3] This amount is inclusive of anticipated filing fees in the amount of $6,952.00.

involve or relate to the Debtors or these cases.  The determination of whether a client is a "former client" is based on the date of last activity in the Firm's billing software system being five (5) years or more prior to the Petition Date herein.  The designation of a former client may not foreclose a continuing attorney-client privilege.

8.     In addition, the Firm currently represents entities or affiliates of such entities that may have direct or indirect claims against or interests in one or more of the Debtors on matters unrelated to the Debtors or these cases, which are set forth in the attached **Schedule 2**, and include the following entities:

- State of Texas (and all related entities)
- ACE Insurance
- Bank of America
- Goldman Sachs
- US Bank
- Regions Bank
- Exelon Entities
- Chubb Insurance
- JPMorgan Chase Bank, NA
- Wells Fargo
- BMO Harris Bank
- Google, Inc.

9.     In the event that any matters or issues arise that are directly adverse to these current clients of the Firm, these matters or issues will be handled by Freeman Law or other conflicts counsel, as appropriate.

10.     None of the current clients identified on **Schedule 2** individually represent more than 2% of the Firm's annual revenue.

11.     The Firm previously represented, but does not currently represent, other potential creditors or affiliates of potential creditors of the Debtors as reflected on **Schedule 2**.

**C.**     **Creditors of the Debtors that are Adverse to the Firm's Clients**

12.     The Firm represents, or has represented in the past, clients that are adverse or potentially adverse to numerous creditors (or affiliates of creditors) of the Debtors.

**D.**     **The Firm's Connections with the Debtors, Officers, and Professionals**

13.     Luci Johnson-Davis, with the U.S. Trustee's Office in Houston, was previously employed by the Firm.

14.     The Firm has in the past had, and is likely in the future to have, common clients and connections with the Debtors' prepetition and post-petition attorneys, accountants, and other professionals.  None of those connections are material or present any conflict of interest.

15.     Except as set forth herein, neither I nor the Firm have had any connection with the above-named Debtors, or insiders or affiliates of the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any other person employed in the Office of the United States Trustee, and the Firm and I are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code, to the best of my knowledge.

**E.**     **Statement Regarding United States Trustee Guidelines**

16.     The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  The Firm also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines"), both in connection with this Application as well as any interim and final fee applications that may be filed by the Firm in connection with these Chapter 11 Cases.

**F.**     **Attorney Statement Pursuant to the U.S. Trustee Fee Guidelines**

4

17.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Fee Guidelines:

**Question**:     Did the Firm agree to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement?

**Answer**:     No.  The Firm and the Debtors have not agreed to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement. The rate structure provided by the Firm is appropriate and is not significantly different from (a) the rates that the Firm charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

**Question**:     Do any of the Firm professionals in this engagement vary their rate based on the geographical location of the Debtors' chapter 11 cases?

**Answer**:     No.  The hourly rates used by the Firm in representing the Debtors are consistent with the rates that the Firm charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

**Question**:     If the Firm has represented the Debtors in the 12 months prepetition, disclose the Firm's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If the Firm's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**:     My hourly rate is $750.00.  The rates of other restructuring attorneys in the Firm range from $535.00 to $1,075.00 an hour and the paraprofessional rates range from $230.00 to $250.00 per hour.  The Firm represented the Debtors during the weeks immediately before the Petition Date, using the foregoing hourly rates.

**Question**:     Have the Debtors approved the Firm's budget and staffing plan, and if so, for what budget period?

**Answer**:     The Firm has not prepared a budget and staffing plan.

18.     The Firm will periodically review both the changes in identifiable parties in interest of the Debtors and clients of the Firm as such information becomes available or relevant, and will update this disclosure as appropriate.

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this August 28, 2023.

/s/ *Veronica A. Polnick*
Veronica A. Polnick

**<u>Schedule 1</u>**

**Schedule of Searched Parties**

[To be supplemented]

**Schedule 2**

| JW Client Name / Affiliate | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| Abilene Christian University | Abilene | Customer | Client |
| Abilene Country Club | Abilene | Customer | Client |
| Abilene Inns, LLC | Abilene | Customer | Client |
| Ace Hardware Corporation | Ace Hardware | Customer | Client |
| Albertsons Companies, Inc. | Albertsons Companies, Inc. | Customer | Client |
| Albertson's, LLC | Albertsons Companies, Inc. | Customer | Client |
| Amazon Processing d/b/a Appstar Financia | Amazon | Customer | Previous Client |
| American Broadcasting Company | American Broadcasting Inc. | Vendor | Client |
| Blue Cross Blue Shield Association | Anthem Blue Cross | Vendor | Client |
| Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company | Anthem Blue Cross | Vendor | Client |
| City of Abilene | Abilene | Customer | Client |
| Davis Law Firm | Davis Law Group | Vendor | Client |
| Facebook and CIT Bank, NA | Facebook | Vendor | Client |
| Facebook, Inc. | Facebook | Vendor | Client |
| FedEx Freight, Inc. | Fedex | Vendor | Client |
| FedEx Ground Package System, Inc. | Fedex | Vendor | Client |
| Google Inc. | Google Inc. | Vendor | Client |
| Gowling WLG (Canada) LLP | Gowling WLG | Vendor | Client |
| Periscope Holdings, Inc. | Periscope | Vendor | Client |
| Robert Half International Inc. | Robert Half | Vendor | Previous Client |
| Stroock & Stroock & Lavan | Stroock | Vendor | Client |
| The Minority Members of UPS Industrial Services, LLC | UPS | Vendor | Client |

| JW Client Name / Affiliate | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| United Parcel Service, Inc. | UPS | Vendor | Client |
| Wimberley Ace Hardware | Ace Hardware | Customer | Previous Client |
| WinCo Foods, LLC | Winco Foods | Customer | Client |